UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,  :   Hon. Joseph H. Rodriguez

                                           Criminal No. 16-431
v.                              :
                                           Opinion
JOHN SCHULTZ                    :


This matter comes before the Court on motion of Defendant John Schultz seeking an extension of time to file an appeal, pursuant to Fed. R. App. P. 4(b)(4). The Court has considered the written submissions and, for the reasons that follow, denies the motion.

## BACKGROUND

On September 22, 2016, Defendant Schultz entered a plea of guilty to a one count Information alleging conspiracy to defraud the United States, in violation of 18 U.S.C. §371. The plea agreement included a waiver stipulation which states:

> John Schultz knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13.

Plea Agreement, Dkt. No. 8, Schedule A, Stipulation No.7.

On April 17, 2017, Defendant Schultz was sentenced to a term of six months' imprisonment and a one-year term of supervised release. Defendant's sentence falls within the range that triggers application of the appellate waiver. Judgment was entered commensurate with sentencing on April 17, 2017. As a result, pursuant to Fed.

R. App. P. 4(b)(l)(A), Schultz had 14 days, or until May 1, 2017, to file a notice of appeal from the judgment. Defendant Schultz did not file a notice of appeal within the timeframe contemplated by the Rule.

According to the Government, the United States Probation Office mailed Schultz a letter dated May 2, 2017, directing Schultz to surrender to the Bureau of Prisons at F.C.I. Fort Dix on May 22, 2017. Then, on May 8, 2017, Defendant Schultz filed a Motion to Substitute Attorney [Dkt. No. 11] and a Notice of Motion for Reconsideration [Dkt. No. 12]. The Court granted the motion to substitute attorney and new counsel Michael Riley entered his appearance. The Notice of Motion for Reconsideration appends no briefing or other papers in connection with that filing. As a result, there is no Motion for Reconsideration pending before the Court.

On May 12, 2017, Defendant filed a letter application seeking to extend the time for self-surrender to the Bureau of Prisons for a period of ninety days. Two exhibits accompanied the letter request; both exhibits are letters which relate to Mr. Schultz's health, one from Dr. Saia and one from Dr. Dunn. Neither letter states that Mr. Schultz has any recent acute medical problems. Instead, both letters restate his past medical history, with one doctor noting that Mr. Schultz looks "gaunt" and has lost weight.[1] The Government objected to Mr. Schultz's request for an extension of the self-surrender date and the Court held a hearing on May 16, 2017. During the hearing, Mr. Riley represented to the Court that Defendant Schultz informed him, that morning, that he

---

[1] Notably, Dr. Dunn submitted a letter to the Court at the time of sentencing on behalf of Mr. Schultz. That letter mentions a longtime relationship with Mr. Schultz and offers general medical concern related to procedures Mr. Schultz underwent in 2002 and 2012. The Court considered this letter at the time it fashioned Mr. Schultz's sentence.

was at the hospital and that Mr. Schultz sent Mr. Riley a photograph of himself in a hospital gown.

Given the fact that Mr. Schultz's request summarily sought a ninety-day extension without offering any concrete basis for the duration of the extension, the Court denied the request without prejudice. The next day, despite the appellate waiver provision of the Plea Agreement, Mr. Schultz filed both a Notice of Appeal and the present Motion for Leave to File an Appeal Late. In addition, Mr. Schultz submitted a letter seeking an extension based upon the recommendation of Dr. Saia, whom Schultz consulted following his May 16, 2017 visit to the Atlantic City Regional Medical Center ("ARMC"). Dr. Saia's letter details the symptoms that caused Mr. Schultz to visit the emergency room at ARMC:

> EKG apparently was unchanged from previous and no acute changes were noted and troponin evaluation was negative. The patient was advised admission but because of his impending legal situation he thought they could not be admitted at this time. He came directly to my office for evaluation.

Mr. Schultz has not presented any documentation from ARMC related to his emergency room visit. The Government agreed to extend the report date to accommodate tests prescribed by Dr. Saia. Against this backdrop, the Court considers the motion to extend the time to appeal.

## STANDARD OF REVIEW

Untimely appeals may be deemed timely upon satisfaction of the Fed. R. App. P. 4(b)(4), which provides that:

> Upon a finding of excusable neglect or good cause, the district court may - before or after the time has expired, with or without motion and notice - extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

To overcome the Government's objection to the filing of a late appeal, Schultz bears the burden of demonstrating "good cause" or "excusable neglect." See United States v. Mitchell, 518 F.3d 740, 743-44 (10th Cir. 2008); United States v. Lucas, 597 F.2d 243, 245 (10th Cir. 1979).

## ANALYSIS

The Court finds that, on this record, good cause does not exist. There are no facts allege that suggest that Schultz was prevented from appealing in a timely manner as a result of forces outside of his control. The Court rejects Defendant Schultz's argument that his recent medical issues were unknown during the time contemplated by Fed. R. App. P. 4(b)(l)(A) and that recent medical issues demonstrate good cause for an extension of time. The Court considered Defendant's medical history at the time of sentencing. Since sentencing, Schultz has submitted a number of letters documenting his past medical history consisting of events the Court considered in fashioning sentence. In addition, with the exception of an elevated blood pressure, there are no known new acute issues. As a result, there is no basis to conclude that the delay in filing the appeal resulted forces outside of Schultz's control or from a "situation [] in which there is no fault- excusable or otherwise." United States v. Munoz, 664 Fed. Appx. 713, 715 (10th Cir. 2016).

Defendant Schultz was represented by capable counsel at sentencing, has never been in custody during the pendency of his case, and was able to retain new counsel. He has actively endeavored to get letters from two medical professionals in an effort to delay serving his sentence. The Court finds that Schultz has not demonstrated good cause as to why he was unable to prepare and submit a one-page notice of appeal over the course of 14 days following entry of Judgment.

The Court also finds that Schultz's delay was not the product of excusable neglect. Excusable neglect exists where the party seeking an extension demonstrates good faith and some reasonable basis for not complying with the time limit specified in the rules. See Roberts v. United States, 298 Fed. Appx. 196, 198 (3d Cir. 2008). In considering whether a defendant has shown excusable neglect, a court should consider all relevant circumstances including "[1] the danger of prejudice to the [government], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within reasonable control of the movant, and [4] whether the movant acted in good faith." United States v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004). The reason for the delay is a primary consideration in determining whether the neglect is excusable. Munoz, 664 Fed. Appx. at 715.

Here, the Government argues prejudice and Schultz advances no reason for not acting with in the 14 day time period to appeal. There is no impediment alleged during that time period and Schultz demonstrates, through his actions since the expiration of the time to appeal, that he is capable of finding representation and participating in his defense. He has shown no reason why he could not file a notice of appeal or how circumstances beyond his control prevented the filing. For these reasons, and because

he knowingly waived his right to appeal, the Court finds that the neglect is not excusable under these circumstances.  See United States v. Alegria-Camp, 145 Fed. Appx. 452 (5th Cir. 2005) (barring an untimely appeal where the defendant waived his appellate rights).

## CONCLUSION

Defendant Schultz's Motion to File an Appeal Out of Time, pursuant to Fed. R. App. P. 4(b)(4), is denied because good cause and excusable neglect are both lacking. An appropriate Order shall issue.

Dated: June 1, 2017

> s/ Joseph H. Rodriguez
> HON. JOSEPH H. RODRIGUEZ,
> United States District Judge